**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CASSANDRA HAYMAN**                                                             **PLAINTIFF**

                                                                  **NO. 3:18CV00199-NBB-JMV**

**NANCY BERRY HILL**
*Commissioner of Social Security*                                                  **DEFENDANT**

## REPORT AND RECOMMENDATIONS

This matter is before the Court for a report and recommendations on Plaintiff's motion for an award of $3,405.11 in attorney fees pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b) under 42 U.S.C. 406(b) [25]. Having considered the motion, Defendant's response [26], Plaintiff's reply [27], and the applicable law, it is recommended that Plaintiff's motion for attorney fees be granted.

On September 14, 2018, Cassandra Hayman filed an action in this Court to appeal the Commissioner's decision denying her application for disability benefits. On February 22, 2019, this Court entered a Final Judgment [20] that reversed and remanded the case to the Social Security Administration (the "Agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). After the Court's reversal and remand, the Commissioner issued a favorable decision and awarded Plaintiff past-due benefits in the amount of $52,125.80. *See* notice of award dated February 19, 2020, attached to Pl.'s Mot. as "Addendum B." Shortly thereafter, on February 21, 2020, Plaintiff filed the instant motion.

In response to the motion, the Commissioner states he "declines to assert a position on the reasonableness of Plaintiff's request because the Commissioner is not the true party in

interest." Nevertheless, the Commissioner points out, and this Court agrees, that the Court is obligated to independently review the request and ensure it satisfies the statutory requirement of yielding a reasonable result. Having fulfilled this obligation, the undersigned finds the fee request in this case is reasonable.

Fees under § 406(b) (federal court fees) are limited to reasonableness and may be no more than twenty-five percent of past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A). Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits ("past-due benefits"). *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807-08 (2002).[1]

Here, Plaintiff's counsel request authorization for payment of $3,405.11 from monies

---

[1] However, in *Gisbrecht*, the Supreme Court also noted:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 807-08, 122 S.Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

withheld by the Agency from the claimant's past-due benefits.[2] This figure is obtained by subtracting the prior EAJA award in this case ($3,626.34) from $7,031.45, ostensibly the total fee earned for work before this Court. See Pl.'s Mot. p. 2.

Several factors weigh in favor of a finding that the fee request is reasonable. First, counsel has presented a contingency fee agreement signed by Plaintiff, wherein Plaintiff has agreed that her attorneys have the right to seek as much as 25% of her past-due benefits for representation in court. See fee contract attached to Pl.'s Mot. as "Addendum C." Further, pursuant to that agreement, Plaintiff agreed that "[i]f the court awards an attorney fee out of . . . past-due benefits and also awards an EAJA fee for that same work, [she] will be refunded *or credited* with the amount of the smaller fee. See id. (emphasis added). Next, counsel for Plaintiff are experienced Social Security attorneys and successfully prosecuted this case before this Court and on remand before the Agency. Additionally, the Fifth Circuit and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals.[3] Finally, the § 406(b) fees effectively requested ($7,031.45)[4] amount to only slightly over 13% of the claimant's past-due benefits.

For the foregoing reasons, it is recommended that Plaintiff's motion for an award of $3,405.11 in attorney fees be granted and that the order awarding fees provide that counsel for

---

[2] The Agency withheld $13,031.45 from Plaintiff's past-due benefits for payment of any fee award made by this Court.

[3] See e.g., Jeter v. Astrue, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010).

[4] Counsel, of course, are only seeking payment of $3,405.11, which is the balance of $7,031.45 after Plaintiff is credited for the prior EAJA award, $3,626.34. While Defendant submits authority for the proposition that counsel must refund and not credit the claimant the smaller award in a case such as this—where both EAJA and 406(b) awards are ordered—the undersigned finds under the circumstances, Plaintiff will be left in the same position in either the case of a credit or refund; and there is no prejudice to any party.

Plaintiff are not required to refund the prior EAJA fee award to Plaintiff because a credit for said amount is accounted for in the new award.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 11th day of May, 2020.

/s/ Jane M. Virden
U. S. Magistrate Judge